```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION
```

MASROOR SIDDIQUI,                §
                                 §
            Plaintiff,           §
                                 § Civil Action No. 3:08-CV-2054-D
VS.                              §
                                 §
AUTOZONE WEST, INC., et al.,     §
                                 §
            Defendants.          §

MEMORANDUM OPINION
AND ORDER

In this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, in which the plaintiff alleges that he was denied a promotion based on his race and national origin, defendants move for a bifurcated trial. The court denies the motion.[1]

I

This is a Title VII suit by plaintiff Masroor Siddiqui ("Siddiqui") against defendants AutoZone West, Inc. and AutoZone Texas, L.P. (collectively, "AutoZone"). Following the court's decision granting in part and denying in part AutoZone's motion for summary judgment, the only cause of action that remains is Siddiqui's claim that he was denied a particular promotion based on

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

his race and national origin.[2] Siddiqui seeks punitive damages. AutoZone moves under Fed. R. Civ. P. 42(b) to bifurcate the trial so that the issue of punitive damages is tried separately from the trial of AutoZone's alleged liability. Siddiqui has not responded to the motion.

II

AutoZone maintains that allowing Siddiqui to present evidence to support his claim for punitive damages—specifically, evidence of AutoZone's net worth—will prejudice and confuse the jury as it considers the question of AutoZone's liability. It posits that, if the trial is not bifurcated, the jury may conclude based on AutoZone's net worth that AutoZone acted with malice.

Rule 42(b) authorizes the court to order a separate trial of one or more issues "[f]or convenience, to avoid prejudice, or to expedite and economize." Rule 42(b). "[T]he party seeking bifurcation has the burden of showing that separate trials are proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience." *Belisle v. BNSF Ry. Co.*, ___ F.Supp.2d ___, 2010 WL 898199, at *13 (D. Kan. Mar. 9, 2010) (internal quotation marks omitted); *Lowe v. Phila. Newspapers, Inc.*, 594 F. Supp. 123, 125 (E.D. Pa. 1984) (same). The court has the discretion to bifurcate a trial. *See Belisle*,

---

[2]AutoZone filed this motion before the court decided its motion for summary judgment. Even had the court not dismissed most of Siddiqui's claims, it would still deny this motion.

2010 WL 898199, at *13.

AutoZone's generalized complaint of potential prejudice does not rise to the level necessary to overcome the presumption in favor of a single trial or to warrant the court's exercising its discretion to bifurcate this trial.  Accordingly, the court denies AutoZone's motion.

\*     \*     \*

AutoZone's April 22, 2010 motion for bifurcated trial is denied.

**SO ORDERED.**

July 20, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE